St. Louis, Iron Mountain & Southern Railway Company *v.*

Purifoy.

Opinion delivered June 5, 1911.

1. Carriers—Degree of care toward passenger.—It is error to instruct the jury that the degree of care required of railroad companies towards passengers is "the utmost diligence which human skill and foresight can effect," instead of "the highest degree which a prudent and cautious man would exercise." (Page 367.)

2. Same—Degree of care towards passenger.—It is error to instruct the jury that railroad companies are required to use "the utmost diligence which human skill and foresight can effect consistent with the mode of conveyance and the practicable operation of its railroad," instead of the utmost diligence which human skill and foresight can effect *reasonably* consistent with the mode of conveyance and the practicable operation of its railroad. (Page 368.)

3. Same—Degree of care to passenger.—An instruction that railroad companies are liable "if injury occurs to a passenger by reason of the slightest omission in regard to the highest perfection of all the appliances of transportation or the mode of management at the time the damage occurs" is erroneous; the care exacted of railroad companies toward their passengers is the highest degree of care which a prudent and cautious man would exercise, and that is reasonably consistent with their mode of conveyance and the practical operation of the road. (Page 369.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*W. E. Hemingway, E. B. Kinsworthy, Bridges, Wooldridge & Gantt* and *James H. Stevenson,* for appellant.

The first instruction was erroneous in the use of the words "utmost diligence which human skill and foresight can effect," instead of the "highest degree of care which a prudent and cautious man would exercise." 34 Ark. 613, 615; 51 Ark. 459, 466. See also 57 Ark. 287, 298. The Murray case, 55 Ark. 248, 254, contains a better statement of the rule. See also 52 Ark. 517, 524; 2 Hutchinson on Carriers, § § 826, 827. In not inserting the word "reasonably" before the words "consistent with the mode of conveyance and the practicable operation of railroads," the instruction is further erroneous. 55 Ark. 348; 52 Ark. 517. The instruction overstates the carrier's duty, wherein the jury are told that liability follows from the *slightest omission* in regard to the *highest perfection* of appliances for transportation or management of trains. It in effect makes the carrier an insurer of the passenger's safety.

*M. S. Cobb,* for appellee.

The language used in the instruction has been approved by this court. 34 Ark. 613; 51 Ark. 466; 92 Ark. 432. See also Redfield on Railways, 219; 32 L. R. A. 101; 57 Ark. 418; 39 L. R. A. 161.

WOOD, J. This is an appeal from a judgment for $2,500, in favor of the appellee, for personal injuries alleged to have been received by him, while a passenger in a Pullman car from St. Louis to Hot Springs, by being thrown by a lurch or jerk of the train, whereby, as he was coming from the toilet room to the smoker and lavatory, he was thrown against the door of the toilet room and his neck injured. He claims to have a tubercular infection of the neck which has made it necessary to have it lanced or operated upon several times, and that it has seriously impaired his health.

Appellant urges a reversal because the court gave the following prayer for instruction:

"1. The degree of care required by law of railroad companies for the safety of its passengers is the utmost diligence

which human skill and foresight can effect, consistent with the mode of conveyance, and the practicable operation of its railroads; and if injury occurs by reason of the slightest omission in regard to the highest perfection of all the appliances of transportation, or the mode of management at the time the damage occurs, the railroad companies are responsible; and in this case, if you believe from the evidence that plaintiff, while a passenger on defendant's train, and while in the exercise of reasonable care, was injured because of the failure of the defendant to use such care, as above defined, for his safety, then you should find for the plaintiff."

The specific objections made to the giving of the instruction are as follows:

1.  Because of the use of the words, "utmost diligence which human skill and foresight can effect," instead of the "highest degree of care which a prudent and cautious man would exercise."

2.  Because the word "reasonably" is not used just preceding "consistent" so as to make the degree of diligence required reasonably consistent with the mode of conveyance and operation of the road.

3.  Because of the use of the words "slightest omission in regard to the highest perfection of all the appliances of transportation or the mode of management," instead of "the failure to use the highest degree of care which a prudent and cautious man would exercise, and which is reasonably consistent with the mode of conveyance and the practical operation of the road."

"The care exacted of railway companies toward their passengers is the highest degree of care which a prudent and cautious man would exercise, and that which is reasonably consistent with their mode of conveyance and the practical operation of their roads." *Railway Co.* v. *Sweet,* 60 Ark. 550, 557; *Railway Co.* v. *Sweet,* 57 Ark. 287; *Railway Co.* v. *Murray,* 55 Ark. 248; *Ark. Midland Ry. Co.* v. *Canman,* 52 Ark. 417, 524. In the last case Judge Battle, speaking for the court, announced the following rule:

"Railroad companies are bound to the most exact care and diligence, not only in the management of trains and cars, but also in the structure and care of the track and in all the subsidiary arrangements necessary to the safety of the passengers.

While the law demands the utmost care for the safety of the passenger, it does not require railroad companies to exercise all the care, skill and diligence of which the human mind can conceive, nor such as will free the transportation of passengers from all possible peril. They are not required, for the purpose of making their roads perfectly safe, to incur such expenses as would make their business wholly impracticable, and drive prudent men from it. They are, however, independently of their pecuniary ability to do so, required to provide all things necessary to the security of the passenger reasonably consistent with their business and appropriate to the means of conveyance employed by them, and to adopt the highest degree of practicable care, diligence and skill that is consistent with the operating of their roads and that will not render their use impracticable or inefficient for the intended purposes of the same." The above is the correct rule. 2 Hutch. on Carriers, § 897. The instruction did not conform to the above rule, and is in conflict with many of our later decisions. True, the instruction contained language that was used in *George* v. *St. Louis, I. M. & S. Ry. Co.*, 34 Ark. 613, 615, and *Eureka Springs Ry.* v. *Timmons*, 51 Ark. 459, 467, and in *St. Louis, I. M. & S. Ry. Co.* v. *Oliver*, 92 Ark. 432. In the last-mentioned case the court inadvertently quoted with approval the language used in the earlier cases of *George* v. *St. Louis, I. M. & S. Ry. Co.* and *Eureka Springs Ry.* v. *Timmons, supra*. But the language quoted by us in *St. Louis, I. M. & S. Ry. Co.* v. *Oliver*, 92 Ark. 434, 435, from the earlier case of *George* v. *St. Louis, I. M. & S. Ry. Co.*, 34 Ark. 613, does not state the rule correctly, and this language had been disapproved and departed from in the cases mentioned in the beginning of this opinion. These cases (quoted in the beginning of this opinion) state the rule correctly, and we adhere to the rule as therein announced. The language referred to above in *St. Louis, I. M. & S. Ry. Co.* v. *Oliver*, 92 Ark. 434-435, was not necessary to the decision of that case, and we again disapprove it. The language of the instruction under consideration, in effect, makes carriers of passengers insurers of the perfect safety of the operation of their trains, and absolutely liable for any injuries that may result to their passengers. In other words, it virtually makes the carriers insurers. This is not the law.

For the error in giving the instruction the judgment is reversed, and the cause is remanded for new trial.