St. Louis, Iron Mountain & Southern Railway
Company *v.* Plott.

Opinion delivered May 19, 1913.

1. Railroads—negligence—contributory negligence question for jury.—Testimony of plaintiff held sufficient to show negligence on part of trainmen failing to call her station so as to give her time to debark, and advising her to step from a moving train. The question of plaintiff's contributory negligence, *held,* a question for the jury. (Page 294.)

2. Railroads—injury to passenger—contributory negligence—instructions.—Where plaintiff was injured while alighting from a moving train, it would have been error to instruct the jury that she would be barred from recovery only if she were guilty of recklessly jumping off the train, but there is no error when all the instructions, read together, clearly explained to the jury that plaintiff could not recover if her own conduct was wanting in ordinary care for her own safety. (Page 295.)

3. Railroads—injury to passenger—degree of care.—Plaintiff was injured while alighting from a moving train. *Held,* an instruction that defendant, as a carrier of passengers, was "required to use

the highest degree of care, consistent with the practical operation of its trains for the safety of the plaintiff while a passenger, on its train and while embarking and debarking from the train," was not erroneous.   (Page 296.)

. Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans*, Judge; affirmed.

*Thos. B. Pryor*, for appellant.

1.   The court should have directed a verdict for the defendant.   99 Ark. 252, and authorities cited; see 85 Ark. 117; 59 Ark. 185.

2.   It was error to charge the jury that "if plaintiff recklessly and negligently jumped off the train while in motion, and was injured thereby, plaintiff can not recover," since it places the burden upon the defendant to show that not only the plaintiff was wanting in ordinary care for her own protection, but also that she must have acted in a reckless, as well as a negligent manner.

The error in this instruction is not cured by other instructions.   93 Ark. 151; *Id*. 573.   As to the use of the word "recklessly," see 39 Kan. 531; 114 Ala. 492; 94 Fed. 762; 48 Mo. App. 482.

*Sam R. Chew*, for appellee.

1.   The injury occurred in Oklahoma.   The law of that State makes it the duty of carriers of passengers to use the utmost care and diligence for the safe carriage of persons for hire, and to provide everything necessary for that purpose, and to that end must exercise a reasonable degree of care.   Statutes Okla., 1893, p. 143, § 440; 87 Pac. 293; 89 Pac. 207.   This rule obtains in all the States.   2 Hutchinson on Carriers (3 ed.) § 1118, and authorities cited.

2.   Whether, under the circumstances, there was negligence on the part of appellee, was a question for the jury.   3 Hutchinson on Carriers (3 ed.) § 1177.

It is not negligence *per se* for a passenger to attempt to leave a moving train.   When directed to do so by an employee of the company, the passenger may rely upon the superior knowledge of the employee.   37 Ark. 519; 54 Ark. 25; 46 Ark. 423; 49 Ark. 182; 67 Ark. 531.

3.  Appellant's objections urged here against instruction 7 are without merit, because it is more favorable to appellant than to appellee.

McCulloch, C. J.   Appellee was a passenger on appellant's train from Delaware, Oklahoma, to Greenwood Junction, Oklahoma, and was injured while stepping from the train at her destination.

She testified that when the train reached Greenwood Junction, it stopped only a few moments; that the station was not called, and when she looked out of the car window, it appeared to her that it had stopped at a tie yard; that as the train moved off, she started up to the car door and asked the brakeman or porter if that was her station —Greenwood Junction, and that he told her it was, and instructed her to step off the train, assuring her that the train was going very slow, and that she could do so with safety.

Her testimony was sufficient to establish the charge of negligence on the part of the trainmen in failing to call the station so as to give a passenger an opportunity to debark from the train, and in advising her to step from the moving train.   Whether or not she was guilty of negligence herself in stepping off the moving train was, under the circumstances, a question for the jury.

She was seriously injured, and the jury awarded damages, the amount of which is not claimed to be excessive.

There are numerous exceptions to rulings of the court in giving and refusing instructions.   Only a few of these assignments need be mentioned.

One is that the court erred in instructing the jury that "if plaintiff recklessly and negligently jumped off the train while in motion, and was thereby injured, plaintiff can not recover."

The court gave several other instructions telling the jury that appellee could not recover if she was guilty of negligence which contributed to her injury, and on appellant's request defined contributory negligence as "doing that or omitting to do that which a reasonably

prudent person would do or would not do under the same or similar circumstances.'' The court did not tell the jury that appellee would be entitled to recover unless she ''recklessly and negligently jumped off the train while in motion,'' and none of the instructions extend her right to recover to that limit. On the contrary, all of the instructions, read together, clearly explained to the jury that she could not recover if her own conduct was wanting in ordinary care for her own safety. The instruction complained of is technically correct in saying that if appellee ''recklessly and negligently jumped off the train while in motion,'' she could not recover, though it would have been incorrect to use language in the instruction which would have placed recklessness as the only limitation upon her right to recover. Recklessness means more than mere carelessness or want of ordinary care, and is too strong a word to use in that connection; but the instruction, considered with the others given, did not convey the impression to the jury that appellee was entitled to recover unless her conduct amounted to recklessness, and, therefore, it was not prejudicial.

Another assignment is that the court erred in its first instruction in telling the jury that defendant, as a carrier of passengers, was ''required to use the highest degree of care consistent with the practical operation of its trains for the safety of the plaintiff while a passenger on its train and while embarking and debarking from the train.''

That is, under ordinary circumstances, the correct measure of a carrier's duty toward its passengers. 2 Hutchinson on Carriers (3 ed.) § 1118. And that is the law in the State of Oklahoma, where this cause of action accrued. *A. T. & S. F. Ry. Co.* v. *Calhoun* (Okla.), 89 Pac. 207.

Counsel for appellant rely upon a decision of this court holding that such is not the degree of care which a carrier owes to its passengers under all circumstances. *St. Louis, I. M. & S. Ry. Co.* v. *Green*, 85 Ark. 117. That was a case where a passenger, while attempting to board

a train, was assisted by two friends, and we held that under those circumstances, no duty devolved upon the carrier to assist the passenger at all, but if its servants volunteered to do so, they were only bound to use ordinary care in discharging that duty. That rule has no application to the present case, for while the passenger was on the train and about to debark at her destination, it was the duty of the servant, in inviting her to alight from the moving train, to exercise the highest degree of care for her safety, as that was a dangerous situation in which she was placed by the act of the company's servants.

Several of appellant's requests for instructions were denied, but the refused instructions were covered in the following instruction, which the court gave at appellant's request:

"The court instructs you that it is the duty of a passenger when his destination is reached to leave said train, and the law only requires that a reasonable time be allowed a passenger in which to do so; and if you believe from the .evidence in this case that the train upon which the plaintiff was a passenger, stopped at Greenwood Junction for a reasonable length of time in which the plaintiff, acting with ordinary care, could have reasonably left the train, and that she failed to leave the train while it was stopped, and voluntarily attempted to, and did jump from the train, while the same was in motion, then your verdict should be for the defendant."

That instruction was in some respects more favorable than appellant was entitled to, for it ignored the testimony tending to show the failure to call the station and the invitation extended to appellee by the company's servant to alight.

Other instructions on the subject of contributory negligence were, as above stated, given at appellant's request.

Upon the whole, we are convinced that the case was submitted to the jury upon instructions which were not prejudicial to appellant's rights.

The judgment is therefore affirmed.