FOURCHE RIVER VALLEY & INDIAN TERRITORY RAILWAY
COMPANY *v.* CAMP.

Opinion delivered July 14, 1919.

RAILROADS—INJURY TO PASSENGER—GENERAL DUTY OF CARE—INSTRUC-
TION.—In an action against a railroad company for damages for
personal injuries caused by negligence, where it was alleged that
the injury was caused by defendant's permitting the roadbed and
tracks to get out of repair, an instruction is proper which told
the jury that it was the defendant's duty to exercise the highest
degree of care which a prudent and cautious person would exer-
cise, consistent with the mode of conveyance and practical opera-
tion of the road, to prevent an injury.

Appeal from Perry Circuit Court; *G. W. Hendricks,*
Judge; affirmed.

*J. H. Bowen* and *Sellers & Sellers,* for appellant.

The court erred in giving instruction No. 1 for plain-
tiff. Defendant was required to exercise only the highest
degree of care consistent with the operation of a mixed
log and passenger train. 105 Ark. 276.

*G. B. Colvin* and *Mehaffy, Reid, Donham & Mehaffy,*
for appellee.

1. The instruction complained of has often been
approved by our courts. 99 Ark. 366; 119 *Id.* 392, and
many others too numerous to cite.

2. None of the instructions have been abstracted by
appellant's counsel and the judgment should be affirmed.
206 S. W. 69.

McCULLOCH, J. Appellee instituted this action
against appellant railway company to recover compensa-
tion for personal injuries received while he was a passen-
ger on one of appellant's trains en route from Thorn-
burg to Bigelow. It was a mixed train, hauling logs and
other freight, and carrying a coach for the accommoda-
tion of passengers. The passenger coach was derailed
and appellee sustained serious personal injuries.

The charge of negligence in the complaint is that ap-
pellant "permitted the roadbed, track, rails and ties to

deteriorate, to become defective and the rails spread, rendering the same unsafe for the proper and careful operation of the train, by reason whereof the said coach was thrown from the track and caused to turn over as above alleged.''

The answer contained a denial of the charge of negligence and the trial of the issues before a jury resulted in a verdict in appellee's favor awarding damages in a substantial sum.

It is conceded that the evidence is sufficient to sustain the verdict, both as to negligence of appellant company and also in the amount of the award of damages. The only ground urged for reversal of the judgment is that the court erred in giving instruction No. 1, which reads as follows:

"You are instructed that when the plaintiff became a passenger on the defendant's railroad at Thornburg for the purpose of being transported to Bigelow, it became and was the duty of defendant to use the highest degree of care for his protection from injury which a prudent and cautious man would have exercised, consistent with the mode of conveyance and practical operation of the railroad, and if you find from a fair preponderance of the evidence that the railroad company failed to exercise this degree of care, and that by reason of such failure plaintiff was injured, then your verdict will be for the plaintiff.''

There was specific objection to the instruction on the ground that the language should be changed so as to make it apply only to the exercise of care in the operation of this particular train, and not to the general operation of the railroad. The objection is untenable for the reason that there is no issue in the case as to negligence in the operation of this particular train, and the charge of negligence relates solely to the failure to exercise proper care with respect to the condition of the railroad track. The company owed its passengers the same degree of care in that regard.

"Railroad companies are bound to the most exact care and diligence," said Judge BATTLE, speaking for the court in *Arkansas Midland Ry.* v. *Canman,* 52 Ark. 517, "not only in the management of trains and cars, but also in the structure and care of the track, and in all the subsidiary arrangements necessary to the safety of the passengers."

An instruction limiting the degree of care to the operation of this particular train would, therefore, have been inapplicable to the issues involved in the present case. The substance of the instruction, if not the exact form, has been repeatedly approved by this court. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Purifoy,* 99 Ark. 366; *Dillahunty* v. *Chicago, Rock Island & Pacific Ry. Co.,* 119 Ark. 392.

Judgment is affirmed.