SOUTHWESTERN TRANSPORTATION COMPANY *v.* POYE.

4-4812

Opinion delivered November 15, 1937.

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*U. J. Cone,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant, a common carrier, to recover $291.50, the value of baggage delivered by him to appellant, on July 23, 1932, for transportation from Pine Bluff to New York City, alleging that appellant failed to deliver the baggage to him upon his arrival in New York or thereafter; that a baggage check was issued to him by the agent of appellant at Pine Bluff when he purchased a ticket from appellant for transportation as a passenger on its bus line and connecting carrier lines from Pine Bluff to New York City.

Appellant filed an answer denying the allegations of the complaint and pleading as additional defenses that the ticket was purchased at a reduced rate and subject to restrictions exempting it from liability if the baggage was lost by a connecting carrier; and, if lost by appellant, to a sum under its contract and under Rule 8 of the Corporation Commission of Arkansas not exceeding $25, and in any event, under Rule 12 of said Corporation Commission in a sum not to exceed $225.

The cause was submitted to the court sitting as a jury with the result that judgment was rendered against appellant in favor of appellee for the sum of $285.50 with interest at 6 per cent. per annum from August 1, 1932, aggregating $365.50.

Sections 924 and 969-70 of Crawford & Moses' Digest provide that common carriers receiving property to be transported from place to place within or without the state and, who issue bills of lading or receipts therefor in this state, shall be liable for any loss or damage or in-

jury to said property, caused by its negligence or the negligence of any other common carrier to which any of such property may pass, and shall have recourse on the carrier causing the loss, and requires carriers of passengers in this state to transport and carry the baggage of said passengers and deliver same in good condition with due diligence to such passengers' destination, and in case of a failure to do so, that such carrier shall be liable for the actual damages.

The facts in the instant case are undisputed and are as follows: Appellant issued to the appellee a through bus ticket from Pine Bluff to New York City, and at the same time issued to him a check for his baggage through from Pine Bluff to New York City. His baggage was delivered by appellant to a connecting carrier at Memphis, Tennessee, and all trace of it was lost after it left Bristol, Virginia, and was never delivered to appellee. The actual value of the baggage was $285.50. There was a provision printed in the ticket that appellant was acting as agent only of connecting carriers, and also a printed provision in the ticket and on the back of the baggage check limiting the liability of appellant in case of loss to $25. The Corporation Commission of the state of Arkansas adopted a rule limiting the liability of carriers to $25 in case of loss and in no event for more than $225. There also appeared in the ticket the words "reduced rate." The agent selling the ticket testified that everyone buying tickets paid the same rate and that appellant sold no tickets at reduced rates. He, also, testified that he did not call appellee's attention to the provisions limiting appellant's liabilities nor to the rules promulgated by the Corporation Commission. Appellee testified that he did not read the provisions in the ticket or on the back of the baggage check and had no knowledge of the rules promulgated by the Corporation Commission.

Prior to the passage of the sections of Crawford & Moses' Digest referred to above, which statutes were made the basis of this suit, this court adopted the English doctrine making the initial carrier liable to destina-

tion in the absence of an express contract to the contrary in the case of *K. C., Ft. S. & Memphis R. Co.* v. *Washington*, 74 Ark. 9, 85 S. W. 406, 69 L. R. A. 65, 109 Am. St. Rep. 61. This doctrine was reiterated and approved in the case of *Little Rock & H. S. W. R. Co.* v. *Record,* 74 Ark. 125, 85 S. W. 421, 109 Am. St. Rep. 67, wherein it was said:

"In the absence of an express contract to the contrary the initial carrier is liable to a passenger for the loss of baggage if the carrier sold the passenger a through ticket and checked his baggage through to the point of destination, although the loss occurred on the line of some connecting carrier."

"An express contract is one where the intention of the parties and the terms of the agreement are declared or expressed by the parties, in writing or orally, at the time it is entered into." 13 C. J. 240.

Even before the adoption of the statutes under which this suit was brought, appellant could not limit its statutory liability as to damages, or as an initial carrier even by an express contract unless supported by a consideration such as a reduction in the fare. There was no reduction in the fare to appellee. He paid the full fare and only fare in existence for the transportation of himself and his baggage from Pine Bluff to New York City. If there had been two fares in existence, one without limitations as to liability, and a reduced fare with limitations as to liability the carrier would have been compelled to show then that it gave an option to the passenger to accept either the one or the other and that the passenger accepted the contract containing the limitations as to liability which provided for a reduced rate. Appellant did not do this for the evidence shows that it did not have any tickets to sell at a reduced rate. This court said in the case of *Railway Co.* v. *Cravens*, 57 Ark. 112, 20 S. W. 803, 18 L. R. A. 527, 38 Am. St. Rep. 230, that (quoting syllabus):

"A carrier cannot by special contract limit its common law liability for losses not occasioned by its negligence where it does not afford the shipper an opportu-

nity to contract for the service required without such restriction; and it is immaterial that the shipper knowingly accepted a bill of lading containing such restriction, without demanding a different contract, if he knew that the carrier's agent had no authority to make any other contract with him," and also said in the case of *Railway Co.* v. *Spann,* 57 Ark. 127, 20 S. W. 914, that (quoting syllabus number 1):

"Limitations upon the common law liability of a carrier, contained in a bill of lading for the shipment of live stock, are unreasonable and void, notwithstanding it is recited therein that the limitations were agreed to by the shipper in consideration of a reduced rate, if the carrier's rules, printed upon the bill of lading, would not have permitted the live stock to be shipped unless the shipper accepted the bill of lading with its limitations" and we also said in the case of *St. Louis & San Francisco Ry. Co.* v. *Wells,* 81 Ark. 469, 99 S. W. 534, that (quoting syllabus number 1):

"A carrier cannot by special contract limit its common law liability for losses not occasioned by its own negligence where it does not afford the shipper an opportunity to contract for the services required without such restriction."

The statutes under which this suit was brought reenacted the rule at common law relative to initial and connecting carriers.

Appellant contends that it is relieved of liability on account of the rule adopted by the Corporation Commission of the state restricting its liability, but this is not true for the reason that it has no power or authority to change the statutory rule fixing the carrier's liability at the actual value of the baggage.

No error appearing, the judgment is affirmed.