STRICKLAND *v.* MISSOURI PACIFIC TRANSPORTATION
COMPANY.

4-5017

Opinion delivered April 4, 1938.

*Lewis ·M. Robinson,* for appellant.
*Pryor & Pryor,* for appellee.

MEHAFFY, J.   This action was begun by appellant,
who filed her complaint in a justice of the peace court in
Pope county, where judgment was rendered in favor of
appellant, and appealed to the Pope circuit court.

The complaint alleged that the appellee was a cor-
poration engaged in the business of running its various

bus lines for the purpose of carrying passengers, mail and baggage, between certain points in this state for hire, and particularly between Little Rock, Arkansas, and Russellville, Arkansas; that on or about March 24, 1937, she purchased a ticket from the agent of appellee at Little Rock for the sum of $1.52 from Little Rock to Russellville, Arkansas; that appellee, in consideration of said contract, agreed to carry and safely deliver appellant's baggage at destination; that her baggage was intrusted and delivered to appellee, consisting of a gladstone bag and contents of the value of $95.90; that upon presenting her ticket and boarding the bus, appellee's servants and employees took possession of her baggage and carelessly and negligently placed said bag amongst the baggage of other passengers, putting the same beyond the view and observation or control of appellant; that appellee failed to deliver the baggage at the destination and negligently and wrongfully converted it, against the will and consent of the appellant. The bag was placed in the exclusive care of the appellee, and it carelessly and negligently lost said bag; appellee failed to give appellant a receipt or check for the purpose of identifying said baggage after taking it beyond her control. She prayed judgment for $95.90 and costs. Attached to her complaint was an itemized statement of the bag and contents.

The appellee filed answer in which it denied every material allegation of the complaint, and alleged that if appellant lost any baggage it was due to her own carelessness and negligence, and prayed that the complaint be dismissed.

Thereafter the appellee filed an amendment to its answer stating that under the tariffs on file with the Arkansas Corporation Commission, and approved by said commission, it was not liable, and specially pleads § 2, rule 1, which is in part as follows: "The Missouri Pacific Transportation Company will not check baggage in small containers, such as valises, suit cases, boxes, bottles, etc., which may be cared for by the passenger and handled in racks in buses provided for that purpose." Appellee also specially pleads rule 12 of said section which in part is as follows: "(g) Carriers, parties to

this tariff, will not accept any liability on unchecked baggage or property."

At the conclusion of evidence the appellee requested and the court gave an instruction directing a verdict for appellee. Motion for new trial was filed and overruled, and the case is here on appeal.

The only witness who testified in the case was the appellant. She testified that on March 24, 1937, she left Little Rock, Arkansas, by way of the Missouri Pacific Transportation Company, her destination being Russellville, Arkansas; she bought a ticket for which she paid $1.52; after she bought her ticket she walked outside the bus terminal; at that time the bus was not docked; a red cap came over and asked for her bag; she was watching her bag and would not leave the dock for fear it might be misplaced; when the bus docked a few minutes later she saw the porter put her bag in the bus along with the baggage of other passengers; they left for Russellville at about 5:30; when she got to Conway she got off with two friends to get a Coca-Cola and got back on the bus and rode to Russellville; when she got to Russellville they did not have her bag and she has not heard of it since; they will not permit a passenger on the bus to take their baggage on the bus; they load the baggage before any passengers get on, and refuse to take your ticket until the baggage is loaded; she had no control whatever over her baggage after she got on the bus, and it is against the rules for any person to take baggage into the bus; they refused to let her have her baggage. She then describes the bag and its contents and testifies as to its value.

Under a well-established rule of this court the testimony of a party to a suit is not to be regarded as undisputed, although no witness testifies to the contrary; but the evidence of such party is to be submitted to the jury, and it is for the jury to determine the weight of such testimony.

There is no dispute about the bag and its contents being baggage, and when appellee received the baggage it became responsible, and its obligation was not affected by the fact that such acceptance is forbidden by the car-

rier's regulation, if those regulations are not brought to the knowledge of the passenger.

"It was formerly held by some courts that passenger carriers were not liable for baggage unless a particular and distinct price had been paid for its conveyance. But it is now well settled that passenger carriers are responsible for the baggage of a passenger, and that the reward for conveying the baggage is included in the passenger's fare, the contract to carry the ordinary baggage of the passenger being generally implied from the usual course of the business, and arising from the generally understood rule that it is a part of the duty of a common carrier of passengers to carry their necessary baggage." 5 R. C. L. 171.

Section 1172 of Pope's Digest reads as follows: "The term 'baggage' shall include whatever a passenger upon any carrier of passengers takes with him or her for personal use and convenience with reference to the immediate necessities, or of the journey, and shall also include samples of goods, wares and merchandise, as may be necessary to be carried for display by commercial salesmen, and theatrical costumes and effects; when same are inclosed in trunks and like receptacles."

The appellee, however, relies on the rule filed with the corporation commission set out above. In § 2 of rule 1 it is stated that the appellee will not check baggage in small containers, which may be carried by the passenger and handled in racks in buses provided for that purpose, and rule 12 of the same section provides that carriers, parties to this tariff, will not accept liability on unchecked baggage or property. In other words, appellee says that it will not check baggage in small containers such as valises, and it will not be liable for property not checked.

The appellee would not be liable if it permitted the passenger to take charge of his baggage and the passenger lost it, but the evidence in this case shows that the carrier took charge and would not permit the passenger to have anything to do with the baggage. The evidence shows that the carrier would not take the passenger's ticket or permit her to get on the bus until it had already

taken the baggage and put it in the bus. Under the evidence the carrier took charge and exclusive control, and deprived the passenger of any right to control it.

Section 1173 of Pope's Digest provides: "All carriers of passengers in this state shall transport and carry the baggage of passengers, weighing not more than one hundred and fifty pounds, free of charge, and where the weight of such baggage shall be in excess of one hundred and fifty pounds, they shall charge and receive therefor such excess not more than twelve and one-half per centum of the purchase price of the ticket or fare purchased and paid for by such passenger, per hundred pounds or fraction thereof, but in no case shall the charge for such excess be less than twenty-five cents upon the same train or boat, upon which such passenger shall travel; and within a reasonable time thereafter; provided, however, such baggage shall be tendered to such carrier at least thirty minutes before the arrival of such train or boat, and it shall deliver the same in good condition with due diligence to such passengers at destination."

A carrier cannot, by special contract, limit its common-law liability where it does not afford the shipper an opportunity to contract for services required without restriction, and it cannot refuse to accept baggage when tendered, and it must either check the baggage or permit the passenger to have control of it. *Southwestern Transportation Co.* v. *Poye*, 194 Ark. 982, 110 S. W. 2d 494.

"With regard to hand baggage, the question of the duty and liability of the carrier seems ordinarily to depend upon who has the custody or control of the baggage. If the passenger has entire control and custody to the exclusion of the carrier, then the carrier cannot be held as an insurer, and will not be liable at all, unless guilty of negligence which results in its loss or damage, in the absence of contributory negligence on the part of the passenger. The element of the degree of control respectively exercised by the passenger and the carrier enters largely into the decisions in the American cases; and the degree of liability varies with the degree of possession. So when a passenger delivers his suit case to the agent of the carrier for the purpose of having it carried on the convey-

ance in accordance with the custom of the carrier, it does not, necessarily, become an insurer thereof. Its possession is that of a bailee, and the law of bailments measures its obligation to the plaintiff. Whether it is a bailee for hire performing a service incidental to carriage as a passenger with the obligation of ordinary care, or a gratuitous bailee with the obligation of slight care, the loss of any or all of the property so intrusted to it raises a presumption of negligence which in the absence of explanation makes the carrier liable.'' 5 R. C. L. 176.

Under the law in this state, the carrier is bound to accept and carry the baggage of the passenger. It may check the baggage or it may permit the passenger to keep in his possession the hand-baggage; but if it takes exclusive control and deprives the passenger of the custody of the baggage, it becomes liable for its loss. It is not required to check the hand-baggage, but it is required to check it or permit the passenger to have custody and control of it.

It follows from what we have said that the court erred in directing a verdict for the appellee. The judgment is reversed, and the cause is remanded for a new trial.