MISSOURI PACIFIC RAILROAD COMPANY ET AL. *v.* SMITH.

4-5118

Opinion delivered June 13, 1938.

Thomas B. Pryor, H. L. Ponder, Jr., and H. L. Ponder, for appellant.

H. U. Williamson and Claude M. Erwin, Jr., for appellee.

DONHAM, J. The appellee, Daisy Davis Smith, brought suit in the circuit court of Jackson county against the Missouri Pacific Railroad Company and Guy A. Thompson, Trustee, alleging that on the 26th day of September, 1936, she purchased a ticket and boarded a passenger train at Newport, her destination being Wynne, Arkansas. She was seated in one of the coaches provided for negro passengers. The train upon which she was a passenger arrived at Wynne and, according to the allegations of the complaint and the evidence of appellee, none of the employees of appellants called the station or notified appellee that the train had arrived; that when the train arrived at Wynne it was dark and raining; that the train stood at or near the station for some time and was about to leave when she looked out at the window and ascertained that the train had arrived.

Appellee was carrying a large, heavy grip or suitcase. She testified that when she became aware of the

fact that the train had arrived at Wynne she rushed to the steps of the coach in which she had been seated to alight; and that there was no brakeman, porter or other employee there to assist her in getting off the train. She further alleges and testifies that there was no step box upon which to alight; and that in attempting to get off the train the heavy weight of the grip, together with the fact that she missed her footing, caused her to fall and be permanently injured.

The negligence of appellants was set out in the complaint as follows: "The negligence of the defendants consisted of the fact that while they owed the plaintiff as a passenger, the highest degree of care to see that she was not injured while riding said train or in getting off same, the defendants were negligent and careless in failing to call said station and in failing to notify plaintiff that the train had arrived at Wynne; that the injuries complained of by her were not caused by her own carelessness or fault; that she was carrying a large, heavy suitcase and that it was a long and high step from the step to the ground; that there was no brakeman or other employee at the door where she alighted from the train to assist her; that she fell as the result of said negligence and was injured."

The purpose of appellee's trip to Wynne was to be with her husband who was engaged as a laborer there. It was Saturday night and she remained over Sunday and returned to Newport on Monday. Her husband met her at the station and it was shown that the train arrived about 9:30 p. m. Appellee was the only witness in her own behalf as to the failure of the employees to call the station at Wynne or to give her notice in any manner that the train had arriven at Wynne. She testified that when the train arrived there she remained in the coach for ten or fifteen minutes before she became aware that her destination had been reached. She became aware of this fact by getting up from her seat and going to a window where she could see out. When she did this, she saw the name of the station on the end of the depot. She then went back to her seat and got her grip and, instead

of going toward the rear of the coach to disembark from the door and steps where she had entered, she went toward the front of the coach, opened the door and reached down with her foot in an attempt to locate the step. She testifies that the step was not there and that as she was trying to touch the step with her foot the heavy grip caused her to become overbalanced and she fell to the ground, striking gravel and rocks of larger sizes. She also testified that she fell on her grip. Her husband, who had come to the station to meet her, was at the rear end of the coach from which she fell. He saw her as she was getting up from the place where she had fallen and went to her assistance.

There is some conflict in the testimony as to whether the place where appellee fell was on the station platform or beyond the platform. However, this is not material, since there is no contention that she was not injured and no question raised as to the amount of the verdict.

The conductor on the train testified that before reaching Wynne he went through the colored coach and took up the hat check which he had given appellee; that this was his custom and that he did it on this occasion, telling appellee that the next stop would be Wynne. However, as stated, appellee denies this. The brakeman testified that it was his custom to call the station and that he must have called it on this occasion, because he always did his duty.

After she fell in attempting to alight from the train, she went to her husband's room and a physician was called. She went back to Newport on Monday following the accident and called a physician, Dr. G. K. Stephens, who treated her and kept treating her on an average of once a week until the date of the trial.

It is unnecessary to detail the nature of her injuries or the pain she was caused to suffer, since, as stated, it is not contended that she was not injured, nor is the amount of the verdict questioned.

A jury trial of the issues involved resulted in a verdict and judgment for appellee in the sum of $1,500, from which is this appeal.

While there is evidence in the record as to other alleged acts of negligence, only one allegation of negligence on the part of appellants was submitted to the jury, that being their alleged failure to call the station as the train approached Wynne and their failure to notify appellee that the train was about to arrive or had arrived at her destination. This alleged element of negligence, as was the alleged contributory negligence of the appellee, was submitted to the jury under instructions probably more favorable to appellants than the law justifies, inasmuch as the instructions only required appellants to exercise ordinary care. As stated, the only questions submitted to the jury were the questions of appellants' alleged negligence with respect to the failure to call the station or notify appellee that the train was about to arrive or had arriven at the station of Wynne and that of appellee's alleged contributory negligence.

The court instructed the jury by its instruction No. 5 that if it had been shown by a preponderance of the evidence that plaintiff was a passenger on one of the trains of the defendants, and that due to the negligence of the employees of the defendants in failing to notify her or to call the station and give her a reasonable time to alight from the train she was caused to fall and be injured, the jury would be authorized to return a verdict in her favor, and unless the jury so found, a verdict should be returned for defendants.

By instruction No. 6, the jury was told that if the defendants used ordinary care in arriving at Wynne and in calling the station, that is, if they called the station and gave a reasonable time for passengers to alight and the appellee failed to do so, it would be the duty of the jury to find for the defendants.

Instruction No. 7 dealt with the duty of appellee to exercise care for her own safety, and told the jury that if the call for the station was made and it was due to no fault of appellants that appellee was delayed and that of her own volition she hurried out and fell, then the defendants would not be liable for any injuries she sustained, and that in such case it would be the duty of the jury to return a verdict for the defendants.

The above instructions Nos. 5, 6 and 7, taken together, probably stated the law of the case more favorably to appellants than is justified by the law, since, as stated, appellants were only required by the instructions to exercise ordinary care.

It is strongly contended that under the proof in the case, the court erred in refusing to direct a verdict for defendants. But in this we cannot agree. The evidence was conflicting as to whether or not the station was called or notice given of the arrival of the train at Wynne. Being conflicting, it was proper to submit it to the jury, if, under the circumstances, it could reasonably be found that such failure was the proximate cause of the injuries sustained by appellee. If no employee of appellants called the station, nor gave appellee any notice that the train was about to arrive at Wynne, the jury certainly had a right to say that such failure constituted negligence on the part of the appellants. If after the train arrived at Wynne, appellee, being unaware of the fact that her destination had been reached, and finding on looking out at the window of the coach that her train had arriven at her destination she became excited and rushed to get off the train and was thereby caused to fall and be injured, we believe the jury was warranted in finding that it should have been reasonably foreseen that such result might follow the failure of the employees to discharge their duty in calling the station. In her confusion, she went to the wrong end of the coach to alight and, after opening the door of the coach in an attempt to reach the step with her foot, having a heavy suitcase in her hand, she became overbalanced and fell, receiving the injuries of which she complains. If the injuries received by her were caused in the manner thus detailed, the questions of negligence on the part of appellants and contributory negligence on the part of appellee, as well as the issue of proximate cause, were properly submitted to the jury. Since the jury's verdict was based upon conflicting evidence on these issues, it would not be proper to set aside the judgment on the ground that it is not supported by the evidence.

There are several issues presented in argument and dealt with in the brief of appellants that are wholly immaterial, since they were not submitted to the jury by the court, nor was the jury's verdict based thereon. For instance, it is argued by appellants that there was no duty on their part to assist appellee in alighting from the train; and that there was no duty resting upon them to provide a step box. These issues are not material because the one issue of negligence submitted to the jury was the failure of appellants to announce the station and to give notice that the train had arriven or was about to arrive at the station of Wynne. Furthermore, it was shown that the failure to provide a step box or to otherwise assist appellee in alighting from the train was not the proximate cause of her injuries.

It is further argued that the allegations of the complaint to the effect that the place provided for appellee to alight was unsafe is not supported by the proof. It is wholly immaterial whether the place was or was not safe. For this did not cause appellee to fall, nor was any such issue submitted to the jury as a cause of appellee's injuries.

It was argued that the court erred in refusing to give appellants' requested instructions Nos. 2, 3, 4, 5, 6 and 7. The court committed no error in this respect. Said instructions Nos. 2, 3, 4 and 5, which the court refused to give, were covered by other instructions; and, hence, no error was committed by refusing to give any one of them.

Instruction No. 6 requested by appellants and refused by the court is not a correct statement of the law. By this requested instruction, counsel for appellants sought to have the court tell the jury that it was the duty of appellee on arrival of the train at Wynne to stay on the train until some employee of the appellants was notified and asked to assist her in alighting from the train. The instruction was also to the effect that if appellee failed to notify the employees in charge of the train that she desired to get off the train and failed to request them to assist her in alighting, she would not be entitled to recover and it would be the duty of the jury to return a

verdict for the appellants. Of course, such is not the law; and the court did not err in refusing to give the instruction.

Appellants' requested instruction No. 7 which the court refused to give was to the effect that it is not the duty of a carrier to assist a passenger in either entering or leaving the train; and that the only duty of appellants was to exercise ordinary care to transport appellee to the point of her destination. Such is not the law. Carriers are under a duty to use the highest degree of care which a prudent and cautious man would exercise and which is reasonably consistent with the mode of conveyance and practical operation of the means of carriage. *St. L., I. M. & S. Ry. Co.* v. *Purifoy,* 99 Ark. 366, 138 S. W. 631; *St. L., I. M. & S. Ry. Co.* v. *Plott,* 108 Ark. 292, 157 S. W. 385; *St. L. & S. F. R. Co.* v. *Dyer,* 115 Ark. 262, 170 S. W. 1013; *Dillahunty* v. *C. R. I. & P. Ry. Co.,* 119 Ark. 392, 178 S. W. 420; *Pittman* v. *Hines,* 144 Ark. 133, 222 S. W. 474; *Arkansas Power & Light Co.* v. *Mart,* 188 Ark. 202, 65 S. W. 2d 39; *Wade* v. *Brocato,* 192 Ark. 826, 95 S. W. 2d 94.

Whether it is the duty of the carrier to assist a passenger in alighting depends upon the facts and circumstances of the particular case. If the circumstances are such that assistance is necessary, then it is the duty of the carrier to give such assistance. But, of course, the carrier of passengers is not bound to the exercise of the utmost diligence which human skill and foresight can effect.

It is a well-established duty of a railroad company carrying passengers for hire to either give notice of the approach of the train to a station or its arrival at the station of a passenger's destination; and this duty must be discharged in such manner as will give the passenger a reasonable opportunity to alight with safety at the station of his destination. Of course, a failure to give such notice cannot be made the basis of recovery by a passenger who was not misled thereby, as when he knew his station had been reached. But such was not the case in the case at bar.

Under the circumstances, we hold that the jury was warranted in finding that the station was not announced; that no notice of the arrival of the train at Wynne was given appellee; that she was misled thereby; and that her injuries which followed in an attempt to get off the train were the proximate result of such failure on the part of appellants. We further hold that the question of appellee's contributory negligence was one for the jury. The jury having found in appellee's favor under instructions probably more favorable to appellants than is justified by the law, the judgment based on the jury's verdict will not be disturbed. No error appearing, the judgment is affirmed.