### 29009.  ATLANTIC GREYHOUND CORPORATION *v.* BERRY.

SUTTON, J.  1. Where one operating a drug-store acts as agent for a bus company in the sale of tickets for transportation of passengers on its buses and in furnishing the public information as to the bus company's schedules and connections, the duties of a porter who is employed by such person to deliver merchandise ordered from the drug-store, to meet the buses, and "to tote suitcases" do not, reasonably construed, include authority to arrange transportation for one who has purchased a ticket from such agent; and where a bus is about to. depart from the vicinity of such place of agency, and the porter is sent by the ticket-holder and prospective passenger on the bus line to inquire of the driver of the bus if he is able to receive the ticket-holder as a passenger thereon, the porter is, for the purpose in which he is engaged at the time, acting as the agent of the prospective passenger, and not as the agent of the bus company.

2. The plaintiff brought suit against the bus company for damages from breach of contract, alleging that, although he had purchased a ticket entitling him to transportation on the defendant's bus line, the defendant, through its bus driver, refused to transport him on a bus which was about to depart for a destination to which the plaintiff desired to be transported, but the plaintiff's testimony in that respect was only to the effect that the porter, whom he had sent to inquire of the bus driver if he could accommodate him on the bus, told him that "The driver said he couldn't carry you," and the porter denied that he made such statement, and testified, on the contrary, that he informed the plaintiff that the driver stated in effect that he could offer only standing room on the bus, as he had no vacant seat.  The driver of the bus testified that he did not refuse to accept the plaintiff as a passenger, and did not inform the porter that he could not carry the plaintiff, but did send a message by the porter as testified to by him.  While a conflict was made as be-

tween the plaintiff's and the porter's testimony as to whether the porter stated that the bus driver sent word to the plaintiff that he could not accept him as a passenger on the bus, the uncontradicted evidence was that the driver did not send such a message and did not refuse to carry him; and although the jury was authorized to find that the porter had made such a statement to the plaintiff, the misrepresentation of the porter, if such, was not binding on the bus company, which had not refused to accept the plaintiff on the bus, inasmuch as the porter was acting as agent of the plaintiff and not of the bus company.

3. Where there were two buses in close proximity to each other, and about to depart from a place of agency of the bus company, to arrive at practically the same time at a point to which a person holding a ticket for transportation on the bus company's line desired to proceed, both buses having no vacant seats and the second having more standing room available, the company is not liable for breach of contract in the refusal of the driver of the first bus to accept him as a passenger thereon, where the uncontradicted evidence shows that he was notified by the driver of the second bus, through the plaintiff's agent who had been sent to the driver to make inquiry, that he would be furnished standing room on the second bus, no seats being available, and where the driver of such bus did not refuse to accept him as a passenger thereon.

4. The evidence demanded a finding as a matter of law that the defendant did not refuse to accept the plaintiff as a passenger for transportation as required by a ticket which he had purchased, and the verdict in favor of the plaintiff was unauthorized. The court erred in overruling the defendant's motion for new trial on the general grounds.

5. In the view we take of the case it is not deemed necessary to pass on the special grounds of the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

Decided October 29, 1941.

*Gambrell & While, John E. Branch,* for plaintiff in error.
*Marvin Allison,* contra.

Stephens, P. J., concurring specially. Whether or not the refusal of the driver of the first bus to allow the plaintiff to board the bus amounted to a refusal by the bus company, through the driver, to receive the plaintiff for transportation, the plaintiff afterwards undertook to obtain transportation on the other bus by sending the porter to the driver of the latter bus to inquire whether the plaintiff could be transported on the latter bus. The plaintiff's case must stand or fall on whether the bus company refused to transport him on the second bus. Since the evidence was undisputed, in both the testimony of the driver of the second bus and that of the porter, that the driver of the second bus stated only to the porter that

there was standing room only on the second bus, there appeared no refusal by the driver of the second bus to accept the plaintiff for transportation, unless the porter, when seeking the required information from the driver of the second bus and reporting back to the plaintiff what the driver of the second bus had stated, was the agent of the bus company to convey such information to the plaintiff. If the porter was such agent, the testimony of the plaintiff to the effect that the porter stated to the plaintiff that the driver of the second bus had stated that he could not accept the plaintiff for transportation (which the porter denied), would have authorized the jury to find that the bus company, in a communication to the plaintiff through its agent the porter, had refused to transport the plaintiff.

The burden of proof was on the plaintiff to establish the agency of the porter as that of the bus company, with authority to speak for the bus company as respected the matter whether or not the bus company could accept the plaintiff for transportation. I am of the opinion that the evidence was not sufficient to establish such agency. The evidence as to the duties and authority of the porter was to the effect that he was employed by the station or ticket agent of the bus company as a delivery boy in connection with the business of this agent in the operation of a store, and that the porter's duties were to meet all the buses, tote suitcases, and to "try to be courteous to the passengers that board and light there;" and that the driver of the first bus had sent suitcases "in" by the porter, and that the porter did not help passengers board the buses, but had brought suitcases out to the bus. While such evidence might be sufficient to authorize a finding that the porter, in toting suitcases for passengers, was, in so doing, acting as agent for the bus company, it was not inferable from the evidence as to such duties by the porter that he had any authority as agent of the bus company to bind the bus company by any representation to a passenger as to the ability or willingness of the bus company to receive him for transportation. There was no evidence whatsoever that this porter had been accustomed, when discharging his duties in toting baggage and carrying it to the buses for passengers, to expedite the departure of passengers by giving them information as to what buses to board and what buses could carry them, as is sometimes done by the ordinary "red caps" at railroad terminals, who may or

▮▮▮▮▮▮▮   ▮▮▮▮

may not, when so doing, be acting within the scope of their duties as agents of the railroad company. As respects the duties of "red caps" in handling baggage for passengers, see Booker *v.* Pennsylvania Railroad Co., 82 Pa. Supr. 588; Franklin *v.* Southern Pacific Railroad Co., 203 Cal. 680 (265 Pac. 936, 59, A. L. R. 118, 126); Strickland *v.* Missouri Pacific Trans. Co., 195 Ark. 950 (115 S. W. 2d, 830); Soanes *v.* London &c. Ry., 88 L. J. R. (K. B.) 524; 10 Am. Jur. 465.

I concur in the conclusion that the evidence was insufficient to support the verdict for the plaintiff.