GREYHOUND LINES *v.* HARMON.

5-3692                                  396 S. W. 2d 291

Opinion delivered November 29, 1965.

*Smith, Sanderson, Stroud & McClerkin,* for appellant.

*McKay, Anderson & Crumpler,* for appellee.

GEORGE ROSE SMITH, J. This is an action for personal injuries sustained by the appellee while she was riding as a passenger on one of the appellant's buses. The jury's verdict was for the plaintiff in the sum of $4,000. The appellant's only contention is that it was entitled to a directed verdict.

The incident occurred after midnight. The bus driver, H. W. Fielder, was the only eyewitness to testify. He said that he was traveling at 55 or 60 miles an hour, with his bright headlights on. As he crested a slight rise in the highway the beam of his lights came back down on the road and revealed the presence of two mules, one in each traffic lane, about 75 feet ahead. Fielder testified that to avoid the animals he was compelled to swerve sharply to his right and travel partly on the shoulder of the road. According to him, if he hadn't swerved "that mule would have been inside the bus with us." Mrs.

Harmon, who was asleep, was thrown to the floor of the bus and suffered painful injuries.

Fielder's testimony, which cannot be regarded as undisputed, presented an issue of fact. He stated that his headlights shone farther than 75 feet. In fact, the statute requires headlights to be of sufficient intensity to reveal a person at a distance of at least 350 feet ahead. Ark. Stat. Ann. § 75-713 (Repl. 1957). If the rise in the road was not high enough to block Fielder's view of the road beyond the rise, the jury could have found that his failure to see the mules until they were only 75 feet away indicated that he was not keeping a proper lookout. On the other hand, if the rise was high enough to block Fielder's view of the road ahead it was his statutory duty to reduce his speed in approaching the crest of the hill. Act 307 of 1959, § 33 (d). (This section of Act 307 amended Ark. Stat. Ann. § 75-601, but by an oversight the compiler failed to include subsection (d) in the 1965 pocket supplement.)

As a common carrier the appellant was under a duty to use the highest degree of care for the safety of its passengers. *Missouri Pac. Transp. Co.* v. *Shepherd,* 203 Ark. 412, 157 S. W. 2d 501 (1941). There was no negligence whatever on Mrs. Harmon's part. Her injuries unquestionably resulted from the manner in which Fielder drove the bus. It was for the jury to say whether, in view of the circumstances, Fielder was completely free from negligence.

Affirmed.