## BATES v. FORD.

### Opinion delivered January 12, 1914.

1. CONTRACTS—SALE OF TIMBER—BREACH—SUFFICIENCY OF EVIDENCE.—In an action by appellee against appellant for damages for the breach of a contract to sell certain timber to appellee, the evidence held sufficient to warrant a verdict in appellee's favor. (Page 569.)

2. CONTRACTS—SALE OF TIMBER—BREACH—DAMAGES.—In an action for damages for breach of a contract to sell timber, an erroneous instruction that the damages against the seller for a breach of the contract are the difference between the market value at the time of the contract and the price agreed to be paid by the purchaser,

is not prejudicial when from the evidence it appears that there was no difference in the value of the timber between the time of making the contract and the breach thereof. (Page 570.)

3.  APPEAL AND ERROR—COMPROMISE—NECESSITY OF ASKING PROPOR INSTRUCTION.—In an action for damages for breach of contract, where defendant set up that the differences between the parties had been settled, defendant can not complain of the court's failure to instruct the jury on that issue, when the only instruction requested by him relative thereto was erroneous, and refused by the trial court. (Page 571.)

Appeal from Yell Circuit Court, Danville District; *Hugh Basham,* Judge; affirmed.

*Bullock & Davis* and *John M. Parker,* for appellants.

1.  There is no competent evidence to sustain the verdict. The burden was on the appellee to establish not only the breach of the contract by the defendants, but also that the market price of the timber left standing was at the time of the breach more than the contract price.   47 Ark. 519; 2 Ark. 397.

2.  Difference in the value of the timber at the time of the breach and the contract price is the measure of damages.   39 Cyc. 2112-13-14, and authorities cited in notes 50, 51, 52, 53 and 60.   Instruction 1 errs in not so instructing the jury.   Standing alone and devoid of definition of the material parts of the contract, instruction 2 is too general.   49 Ark. 134; 62 S. W. 64; 76 Ark. 233.

3.  Instruction 8 should have been given.   94 S. W. 47-49; 88 Ark. 363; 23 Ark. 557; 34 N. W. 880; 25 N. W. 513; 63 Ark. 259; 8 Cyc. 516, 517.

McCULLOCH, C. J.   This is an action instituted by appellee against appellants to recover damages alleged to have been sustained by reason of breach of a contract for the sale of standing timber on certain tracts of land owned by appellants.

Appellants executed to appellee a written contract, whereby they agreed to sell the pine and oak timber on said tracts of land for prices of $1.50 and $2 per thousand feet.   The contract further specified that appellee should erect his sawmill at a railroad station near the lands, and that the timber should be paid for when sawed

into lumber and loaded on cars at the station. Appellee erected the sawmill at the station named, and sawed up part of the timber.

There is a controversy between the parties as to which of them committed the breach of the contract, and the trial jury returned a verdict in favor of appellee assessing his damages in the sum of $100.

The testimony of the respective parties was sharply in conflict, each contending that the other had first broken the contract.

That conflict has been settled in appellee's favor by the verdict of the jury.

Appellants requested numerous instructions, but the court refused to give them and submitted the case on the following two instructions:

"No. 1. You are instructed that if the defendants violated any of the material provisions of their contract to sell the timber to the plaintiff, then you will find for the plaintiff and assess his damages at the difference between the market value of the timber at time of the contract and the price agreed to be paid by the plaintiff."

"No. 2. If the plaintiff failed to comply with any material part of his contract without defendant's consent he can not recover damages for any failure of defendants to comply with their part of the contract."

It is insisted, in the first place, by way of assignment of error, that there is no testimony tending to show that, at the time of the alleged breach of the contract, the timber was worth more than the price stipulated in the contract and that, therefore, no damages are proved. Appellee attempted to show the profits which he lost by reason of not being permitted to cut the timber and saw it up at his mill and sell it. He introduced no proof directly showing a difference in the market value, but he testified concerning the market value of timber, the cost of production, and the cost of hauling the timber. The jury had the right to consider these facts in determining the fair market value of the timber, and we are

of the opinion that it was sufficient to warrant the jury in reaching a conclusion as to the value.

We can not say, therefore, that the verdict is wholly without evidence to sustain it as to the difference in value of the timber.

It is next contended that the first instruction given by the court is erroneous in fixing the damages at the difference between the price under the contract and the market value at the time of the making of the contract, instead of at the time of the breach thereof.

It does not appear that there was any difference in the value of the timber between the time of the making of the contract and the breach thereof by appellants; so this error is immaterial.

Appellants also pleaded as a defense that there had been a settlement between the parties of all their differences, and they assign error of the court in refusing to submit that question to the jury.

It appears that some time prior to the commencement of this action, and after appellee had removed his mill, temporarily, as he claims, from its site near the lands of appellant, he instituted an action against appellants before a justice of the peace to recover the value of certain lumber which he had sawed and left at the old mill site and which appellants had converted. It is admitted by both parties that this suit was settled by appellants paying to appellee a certain sum of money. Appellants testified themselves, and also introduced other witnesses, whose testimony tended to show that this settlement was intended to include all differences arising out of the nonperformance of the contract, and included the controversy involved in this suit. This is denied by appellee, who claims that it was only a settlement for the lumber involved in that particular suit pending before the justice of the peace. The only instruction which appellants asked on this subject reads as follows:

"8. The jury is instructed that if you find from the evidence that plaintiff brought a suit for the recovery of the value of the said timber and lumber cut from the said

lands after the alleged breach of his contract herein sued upon, and that plaintiff and defendants mutually agreed upon a settlement pertaining to the said timber or lumber or the value or difference in value, and that said settlement was carried out and included the timber or lumber, the subject-matter involved in this suit, then you will find for the defendants.''

Appellants excepted to the refusal of the court to give this instruction, and now assign error in that respect.

The instruction was erroneous because it contained language which clearly implied the assumption that plaintiff had himself first broken the contract, and for this reason, if for no other, it was incorrect and should not have been given in that form.

It was also confusing, because the jury might have inferred from it that the bringing of the suit and the settlement for the timber involved in that suit, had some bearing on this case, whereas it had none. If a proper instruction had been asked the court should have submitted the issue whether or not a compromise had been made of all the differences between the parties; but before appellants can complain it must appear that they asked a correct instruction. They did not do so, and we must treat the case as if it went to the jury on proper instructions.

The other instructions requested by appellants are fairly embraced within instruction No. 2 which the court gave. No error is found in the record, and the judgment is therefore affirmed.