SOLOMON SHINE vs. NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Norfolk.   November 11, 1920. — November 11, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Railroad, *Res ipsa loquitur. Evidence*, Matter of common knowledge, Presumptions and burden of proof.

It is a matter of common knowledge that under present conditions a coal burning locomotive cannot draw a train without emitting cinders and smoke.

It is not negligence on the part of a railroad corporation not to keep windows and doors of passenger cars closed in warm weather in order to exclude cinders.

At the trial of an action against a railroad corporation for personal injuries the evidence, in its view most favorable to the plaintiff, tended to show that on a warm pleasant September afternoon the plaintiff boarded a train at Taunton for Boston and took a seat next to an open window in a smoking car, the doors and windows of which were open; that, after the train began to move, "there was a lot of smoke and cinders and fire blowing in," and he "had a stinging, burning sensation" in his eye; that later "a speck — some foreign substance" was removed from the eye. There was no evidence to show by whom the doors and windows were opened. *Held*, that the doctrine of *res ipsa loquitur* did not apply, and that the evidence would not warrant a finding of negligence on the part of the defendant.

TORT for personal injuries.   Writ dated March 5, 1918.

In the Superior Court the action was tried before *Raymond*, J. Material evidence is described in the opinion. The judge at the close of the evidence ordered a verdict for the defendant and reported the case to this court for determination.

*H. H. Pratt & J. S. Richardson,* for the plaintiff, submitted a brief.

*Joseph Wentworth,* for the defendant.

BY THE COURT.   This is an action of tort to recover compensation for injuries received by the plaintiff through the alleged negligence of the defendant while he was a passenger upon one of its trains.   The evidence in its aspect most favorable to the plaintiff tended to show that a little after four o'clock on a warm pleasant September afternoon he boarded a train at Taunton for Boston, and took a seat next to an open window in the smoking car, the doors and windows of which were open.   He testified: "I received an injury to my eye.   I felt something hit my eye.   After the train began to move there was a lot of smoke and cinders and fire blowing in.   I had a stinging, burning sensation in my eye."

This occurred five or ten minutes after the train started. Another witness testified that smoke and quite a few cinders from the locomotive were coming in at the front door of the car and that "cinders were blowing around in the air." Later, "a speck — some foreign substance" was removed from the plaintiff's eye and he suffered serious injury.

This evidence discloses no negligence on the part of the defendant. It is common knowledge that under present conditions coal burning locomotives cannot draw a train without emitting cinders and smoke. There is nothing to show by whom the windows and doors of the car were opened. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. *Hunt* v. *Boston Elevated Railway,* 201 Mass. 182. It is not negligence on the part of the defendant not to keep windows and doors of passenger cars closed in warm weather in order to exclude cinders. The doctrine of *res ipsa loquitur* has no application to the facts here disclosed. *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572. *Kelsey* v. *New York, New Haven, & Hartford Railroad,* 181 Mass. 64. *Searles* v. *Manhattan Railway,* 101 N. Y. 661. *Wiedmer* v. *New York Elevated Railway,* 114 N. Y. 462. *Carney* v. *Boston Elevated Railway,* 212 Mass. 179.

*Judgment for the defendant.*