WADE *v.* BROCATO.

4-4279

Opinion delivered June 8, 1936.

*Hal P. Smith* and *Joe B. Norbury,* for appellant.

*Mann & Mann,* for appellee.

MEHAFFY, J.   On January 29, 1934, the appellant filed in the Monroe Circuit Court a complaint against the appellee, alleging that the bus was operated by the appellee as a common carrier, transporting passengers for hire from place to place in Monroe county, operating on regular schedule, and charging fixed fares therefor.   She alleged that about 4:30 o'clock on the afternoon of October 30, 1933, she boarded defendant's bus at Brinkley, Arkansas, and paid her fare to Clarendon, Arkansas; that said bus is equipped with six windows and three rows of seats; that defendant seated her on the left end of the middle row of seats immediately behind the driver's seat which was occupied by appellee; that all of said windows were closed except the window by the driver's seat, on the left side of said bus; that after leaving highway No. 70 said bus proceeded along highway No. 17, a gravel road leading to Clarendon, Arkansas; that at a point some four miles after leaving highway 70 and on highway 17, said bus passed an automobile traveling at a high rate of speed; that at this point as well as on all other points on said highway 17, there was loose gravel; that in passing, a gravel or small stone was thrown through the said open window near the driver's seat, striking appellant in the left eye, injuring her in the manner set out.   She then describes the injury and the extent of it, and the pain and suffering, and alleges that the injury was the result of the carelessness and negligence of appellee in leaving open said window; that appellee operated said bus personally several days a week on said road, and had been doing so for a number of years; knew the condition of the highway; knew of the

loose gravel thereon, and knew of the danger to appellant from flying gravel; or by the exercise of ordinary care, should have known and appreciated said danger, and should in the exercise of ordinary care have closed the said window at all times while said bus was operating over said gravel road, and especially while said bus was passing or being passed by other cars; that the appellant was not accustomed to riding in automobiles and busses, and did not know of or appreciate the danger from flying gravel, and if she had known, she had no authority to close the window, and save herself from injury.

On April 15, 1935, appellant filed an amendment to her complaint alleging that it was a cool day, and there was no necessity that said window be left open, but if it was necessary to leave it open for ventilation, there were three other windows on the right side of said bus that could have been opened, and injury avoided, for the reason that said gravel or small stone complained of, or any other, could not have been thrown through these windows by passing automobiles; that all the facts were well known to defendant, or by the exercise of care could have been known, and his carelessness and negligence in not using said windows on the right side of said bus, but using the open window on the left side, was the cause of the injury to appellant.

On November 12, 1934, another amendment was filed by adding at the end of the second paragraph, immediately before the prayer, a new paragraph, alleging that the injury was a result of the carelessness of the defendant in failing to screen the window, or to place shields or guards or some other obstruction thereon to protect appellant from the hazard of flying gravel, which danger was well known to appellee, or by the exercise of ordinary care should have been known to him, but which was not known or appreciated by appellant.

The appellee filed the following demurrer to the complaint:

"Comes the defendant by his attorneys, Messrs. Mann & Mann, and demurs to the complaint and the amendment thereto, and for cause says:

"That the complaint as amended does not state facts sufficient to constitute a cause of action against the defendant.

"Wherefore, defendant moves that the cause be dismissed."

The court, on November 18, 1935, entered the following judgment:

"The demurrer filed herein, is by the court sustained, exceptions saved, plaintiff stands on her complaint, and prays an appeal to the Supreme Court, which is by the court granted, and plaintiff given 60 days to file bill of exceptions."

Pleadings under the code are liberally construed and every reasonable intendment is indulged in favor of the pleader, and in testing the sufficiency of a complaint on general demurrer, the court indulges every reasonable intendment in its favor, and if the facts stated, together with every reasonable inference arising therefrom constitute a cause of action, the demurrer should be overruled. *Manhattan Const. Co.* v. *Atkisson,* 191 Ark. 920, 88 S. W. (2d) 819; *Arkansas Bond Co.* v. *Harton,* 191 Ark. 665, 87 S. W. (2d) 52; *Herndon* v. *Gregory,* 190 Ark. 702, 81 S. W. (2d) 849.

In appellant's original complaint she alleged that the injury was caused by the negligence of appellee in leaving the window open; that he had been operating a bus, and knew the condition of the highway, and knew there was loose gravel and danger of flying gravel. In her first amendment to the complaint, she alleged that the weather was cool, and there was no occasion for the window to be left open, but if there was, the windows on the other side of the bus could have been opened. In her second amendment, she alleges that the appellee failed to screen the windows.

Appellant first contends that it is the duty of persons operating busses as common-carriers to exercise the highest degree of care reasonably to be expected from human vigilance and foresight.

This court has held that the law imposes the highest degree of skill and care upon common carriers consistent with the practical operation of their cars for the

protection of their passengers, and we have also held that the rules applicable to common carriers govern in operating busses carrying passengers. We said: "It is true that there are many statutes regulating railroads that do not apply to busses and other common carriers, but the law with reference to the duty of common carriers to passengers is the same as to all common carriers." *Missouri Pacific Transportation Co.* v. *Robinson,* 191 Ark. 428, 86 S. W. (2d) 913.

The appellant cites and relies on *Teche Line Inc.* v. *Bateman,* 162 Miss. 404, 139 So. 159. In that case the party who brought the suit was not a passenger in the bus, but was riding in a private automobile, and it was alleged and the proof established that the bus was going at an excessive rate of speed in violation of the statute of Mississippi. The evidence in that case showed that the bus was traveling at a rate of speed from fifty to fifty-five miles an hour. The company's witnesses testified that it was not exceeding forty miles an hour. The court, in instructing the jury, said: "The court instructs the jury that, if you believe from a preponderance of the evidence in this case, that the plaintiff herein was injured by flying gravel thrown from a bus belonging to the defendant herein, while said bus was traveling at a reckless, negligent and excessive rate of speed, and that gravel was thrown by said bus because of the reckless, negligent and excessive rate of speed at which said bus was driven at said time, and that the reckless, negligent and excessive rate of speed of said bus, if any, was the proximate cause of said injury, then you shall find for the plaintiff."

The court also said in the above case, after quoting the Mississippi statute: "Of course, it is the duty of every person who operates a vehicle upon the highway to do so in accordance with the law of the land. The statute was enacted for the public safety, and to secure the safety by reasonable operation of motor vehicles. It is well known that cars proceeding at a high rate of speed on gravel roads throw gravel by reason of the force of the car striking the gravel, or by reason of the suction of the car; and it is well known that such flying gravel or small rocks are calculated to inflict injury. The greater

the rate of the speed, the more violent, the hurling of such gravel or rocks becomes. It may be safely assumed that a person traveling the highway assumes the risk incident to travel in a reasonable and lawful manner, but when a person exceeds the speed limit allowed by law, and as a result of such excessive speed injury is inflicted upon another using the highway, such party is liable for the injury occasioned thereby.''

Our statute is similar to the Mississippi statute, and if the appellant in this case had brought suit against the driver of the automobile which was going at an excessive rate of speed in violation of law, and had alleged that this caused the automobile to throw the gravel, and she was thereby injured, she would have stated a cause of action, and it would have been similar to the case relied on. Appellant, however, does not state that the bus was going at an excessive rate of speed, or that it was violating the law in any way. The only negligence alleged is the open window.

Our statute, among other things, provides: ''Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, etc.'' Acts of 1927, p. 721.

The driver of the bus had a right to assume that no one would violate the statute and operate an automobile on the public highway at an excessive rate of speed. There is no allegation in the complaint that the operator of the bus was negligent in any manner except in leaving the window open.

Appellant alleges that the bus was equipped with six windows and three rows of seats. It is true she says the defendant seated her at the left end of the middle row of seats, immediately behind the driver's seat, which was occupied by appellee; that all of the windows were closed except the one by the driver's seat. It is a matter of common knowledge that when a person takes passage on a bus or a railroad train, they may take any unoccupied seat. The complaint, while it alleges there were three rows of seats, does not allege that any of them were occupied. They may all have been vacant. The appellant may have been the only passenger. She does

not, however, allege whether the other seats were occupied or not. There is no law requiring bus companies to screen their windows, and the cause of the damage and injury, as shown by appellant's complaint, was the wrongful conduct of the person driving the automobile at an excessive rate of speed, thereby throwing the gravel which injured appellant.

Appellant alleges that the automobile was traveling at a high rate of speed.

The next case to which appellant calls attention is *Denker* v. *Lowe,* 192 Ky. 660, 234 S. W. 294. We think the facts in the above case have no application to the facts in the instant case. The question there was whether, where the concurrent negligence of the city obstructing the street, and the transfer company's driver in not reducing speed, the company could avoid liability on the theory that its negligence was not the proximate cause of the injury. The court said: "It is a clear case of the combined and concurrent negligence of the city in permitting the obstruction to be in the street, and the negligence of the taxicab driver in driving into it with such reckless abandon as to produce a violent jolt to a passenger, or negligently failing to slacken his speed and drive around obstruction producing the injury."

Appellant calls attention to a number of other cases, but all of them are cases where negligence is alleged and proved against the party sued. In the case of *Batte* v. *St. Louis S. W. Ry. Co.,* 131 Ark. 568, 199 S. W. 907, this court held that the railroad company was under no duty to screen its car windows, and its failing to screen its windows was not negligence. It is said in that case: "It is the duty of the defendant company to keep its engines in good repair and see that they were supplied with the best known appliances to prevent the escape of cinders."

That is true because of the constitutional provision which reads as follows: "All railroads which are now or may be hereafter built and operated, either in whole or in part, in this State shall be responsible for all damages to person and property under such regulations as

may be prescribed by the General Assembly." Section 12, article 17 of the Constitution.

Section 8562 of Crawford & Moses' Digest reads as follows: "All railroads which are now or hereafter may be built and operated in whole or in part in this State, shall be responsible for all damages to persons or property done or caused by the running of trains in this State."

This court has repeatedly held that under the constitutional provision and the statute, when the plaintiff shows that the injury was caused by the running of a train, a *prima facie* case was made. Therefore, when the plaintiff, in a suit against the railroad company for injury caused by running a train, shows that the injury was caused by running a train, the burden is then upon the railroad company to show that it was not guilty of any negligence. There is no such constitutional provision or statute with reference to the operation of buses, and the plaintiff, in bringing a suit against a bus company or any other person, except a railroad company for injury caused by the running of a train, must allege facts constituting negligence. Negligence means the failure to do something that a person of ordinary prudence would do, or the doing of something that a person of ordinary prudence would not do under the circumstances.

The Massachusetts court held that the mere fact that a passenger on a railroad train is struck in the eye by a cinder on a warm day when the windows and doors of the car are open, does not establish liability on the part of the railroad company. *Shine v. New York, New Haven & Hartford Rd.,* 236 Mass. 419, 128 N. E. 713, 11 A. L. R. 1075.

It was not negligence on the part of the bus company to have the window open, and if some other person negligently and wrongfully operated a car so as to throw gravel into the open window and injure a passenger, there would be no liability against the bus company unless the bus company itself was guilty of negligence. There would be no more liability in wrongfully throwing gravel, than there would be if the third party running an automobile negligently and wrongfully operated his car

so as to collide with the bus and injure the passenger. The question is the negligence of the bus driver, and our conclusion is that the complaint does not state facts constituting negligence. .

The judgment of the circuit court is therefore affirmed.