**Nicholas J. FISHER, Appellant,**
v.
**LOUISVILLE TRANSIT COMPANY, Inc.,**
Appellee.
Court of Appeals of Kentucky.
June 14, 1957.

Sal Pinto, Louisville, for appellant.

Earl S. Wilson, Lee Curd Miller, Bullitt, Dawson & Tarrant, Louisville, for appellee.

MILLIKEN, Chief Justice.

The appellant, an adult passenger on a southbound Eighteenth Street bus of the Louisville Transit Company, received a broken arm when his elbow, which he had extended out an open window of the bus, struck a utility pole as the bus pulled away from the curb after stopping at Eighteenth and Oak Streets to discharge passengers. There is no evidence that the driver of the bus knew the appellant's arm protruded beyond the body of the bus. The jury rendered a verdict for the appellant against the Transit Company in the sum of $5,917, but the trial judge gave judgment for Transit and set aside the verdict on motion of Transit for a judgment notwithstanding the verdict.

The appellant was seated on the right side of the bus next to the open window in the seat immediately in front of the side door midway of the bus. He had ridden with his elbow protruding for ten or so city blocks while he read. The pole which his arm struck was located four feet north of the north crosswalk at the Eighteenth and Oak intersection and only two and one-half feet south of the coach stop; it was eight inches from the outer edge of the curb of Eighteenth Street and evidently had been scuffed from time to time by vehicles using the street.

We find no evidence suggesting that the movement of the bus as it pulled away from the curb was in any way unusual, nor that the bus had pulled in too close to the curb and pole in the first place. It pulled away normally, and appellant's protruding arm struck the pole as the bus pulled away from the curb. We do not find it necessary to consider whether appellant's permitting his arm to extend out the open window of the bus was in itself contributory negligence. Annotation 157 A.L.R. 1212, for we are of the opinion that Transit itself was not negligent.

The bus driver testified that he did not see the appellant's arm extending out the window. There were passengers in the seats between appellant and the driver, and passengers in the aisle getting on and off the bus after its various stops. The bus driver had to collect fares, make change, take on and let off passengers, and to operate the bus safely on a busy thoroughfare, so the circumstances support his statement that he did not notice appellant's arm was extending out the window.

Although a carrier must exercise the highest degree of care for its passengers, it is not an insurer of their safety. Apparently for that reason the trial judge instructed the jury that it could find for the appellant only if the bus driver had actual knowledge that appellant's arm protruded out the window. But as we have heretofore stated—there is no evidence whatsoever that the bus driver did know it and, in fact, he testified he did not know it. Thus, even if we were to disregard the testimony of the bus driver in this respect, the only way we could hold Transit liable would be to say that the bus driver *should* have known appellant's arm, or that of some other passenger probably, was extending out the window, and thereby impose a duty on the bus driver to keep a constant, watchful eye over his passengers. We believe that such a conclusion would not be sensible and would impose a well-nigh impossible task on the driver of a bus in a modern urban operation, although it may be conceded, for the sake of argument, that bus passengers often do ride with their arms on the window sills and their elbows sticking out the bus windows. In the case at bar, which involves an able-bodied adult passenger, we conclude that there was insufficient evidence of negligence on the part of Transit to justify submission of the case to a jury. Quinn v. Colonial Motor Coach Corporation, 1935, 266 N.Y. 584, 195 N.E. 211.

The judgment is affirmed.