912

5-2425                                    348 S. W. 2d 873

Original opinion delivered June 5, 1961.

[Rehearing denied and substituted opinion delivered October 2, 1961.]

*Rose, Meek, House, Barron, Nash & Williamson,* for appellant.

*J. Harrod Berry,* for appellee.

PAUL WARD, Associate Justice. This opinion is substituted for the opinion in this same cause delivered June 5, 1961.

This is the second appeal involving the same cause of action. At the first trial a judgment was rendered in favor of the Citizens Coach Company and on appeal we reversed the judgment on the ground (among others) that the Coach Company had not been held to the high degree of care required by law. For further information relative to our holdings in that case, and also for a full statement of the facts, reference is made to *Ralph Collier v. Citizens Coach Company,* 231 Ark. 489, 330 S. W. 2d 74. The second trial, from which comes this appeal, resulted in a judgment in favor of Collier in the amount of $5,040 based on the jury's findings that Collier was 28% negligent and the Coach Company was 72% negligent.

Collier was a passenger on appellant's bus, sitting at the rear on the right side. The bus had stopped at

the corner of Main and Markham Streets headed north, close to the curb. Collier's elbow, which was protruding through the window some 1½ inches, was struck and injured by a light pole (or a sign attached to the light pole), as the bus began to move forward. The overall questions involved are whether the Coach Company was negligent and whether Collier was guilty of contributory negligence.

Appellant, for reversal, relies upon six separate assignments of error. First, we discuss Assignment No. 3 which questions the correctness of Appellee's Instruction No. 2-B given by the trial court. We have concluded that the judgment in favor of Collier must be reversed because of error contained in said instruction. It reads as follows:

"You are instructed that if you find from a preponderance of the evidence that defendant Citizens Coach Company failed to provide adequate safeguards in the form of bars, metal screens or other protective devices to protect their passengers from injury generally, and particularly plaintiff, and you further find that the windows of the bus were open and that they were customarily so with the knowledge and acquiescence, of Citizens Coach Company, and if you further find that the outside seats were without arm rests, and it was the frequent custom of passengers on said seats, with the knowledge and acquiescence of the company, through its employees, to rest their arms on the open window sills, and if you further find that the company's failure to so provide bars, screens or other protective devices on the windows, was a failure to exercise the highest degree of care that a prudent and cautious man would exercise reasonably consistent with the practical operation of its buses, and if you further find that such failure or omission, if any was a proximate cause of injuries and damages to plaintiff, if any, then your answer to Interrogatory No. 1 would be in the affirmative."

Interrogatory No. 1 reads:

"Do you find from a preponderance of the evidence in the case that the bus company was guilty of negligence in the operation of the bus and that such negligence, if any, contributed to proximately cause Ralph Collier's injury?"

A careful analysis of the above Instruction reveals cleverly concealed vices which render it erroneous and call for a reversal. First, it will be noted that the Instruction is confined essentially to the kind and use of equipment furnished by appellant in transporting passengers, and that there is no contention that this particular bus differed from other buses used by appellant or another common carrier.

The Instruction allows the jury to set the standard for equipment to be used by appellant without any showing, by testimony, statute, or decision, that the bus in question was different in any respect from those commonly used by common carriers of passengers. In the case of *Missouri Pacific Transportation Company* v. *Robinson*, 191 Ark. 428, 86 S. W. 2d 913, this Court said: "It is true there are many statutes regulating railroads that do not apply to buses and other common carriers, but the law with reference to the duty of common carriers to passengers is the same as to all common carriers."

The several elements on which the Instruction allows negligence to be predicated are that appellant allowed the windows to remain open, that appellant did not provide screens and bars for the windows, and that appellant did not provide arm rests. None of the above acts or omissions constitute negligence. In the case of *Wade* v. *Brocato,* 192 Ark. 826, 95 S. W. 2d 94, appellant, while riding by an open window on a bus being operated by appellee (a common carrier) was injured by a stone or gravel thrown by a passing automobile. The bus and the automobile were being driven on a gravel road which appellant alleged appellee knew to be dangerous to bus passengers. It was further alleged that appellee was

negligent in (a) leaving the windows open and (b) failing to place screens and guards over the windows. The trial court sustained a demurrer to the complaint. This court, in sustaining the trial court, made these statements: "Appellant, however, does not state that the bus was going at an excessive rate of speed, or that it was violating the law in any way. . . . There is no allegation in the complaint that the operator of the bus was negligent in any manner except in leaving the window open." Following this we said: "There is no law requiring bus companies to screen their windows. . . . It was not negligence on the part of the bus company to have the window open. . . ."

From the above we must conclude here that the jury could not find appellant negligent because it did not screen the windows or because it left the windows open even though they were aware of the fact. The only other basis contained in the Instruction upon which negligence could be predicated was the omission of appellant to provide arm rests, but by no stretch of the imagination can we conceive this to be more indicative of negligence than the other things mentioned above. The error in the Instruction is emphasized by the use of the word "adequate" in the third line which left the jury to form its own definition of what the word meant.

The unescapable conclusion then is that Instruction 2-B permitted the jury to find negligence from certain acts and omissions which we have said do not constitute negligence. In other words the instruction permitted the jury to formulate its own standards by which appellant should equip and maintain its buses.

Appellant requests this court, in the event the cause is remanded, to discuss separately each assignment of error in order to facilitate an early conclusion of this litigation. This appears to be a reasonable request under the circumstances and we will comply with it, but only in a summary manner.

First, we direct further attention to Instruction No. 2-B. This instruction is in the nature, at least, of a

binding instruction in that, in effect, it directs the jury to find for appellee, and it also omits the defense of contributory negligence. These matters are discussed in *Reynolds* v. *Ashabranner,* 212 Ark. 718, 207 S. W. 2d 304, and in *Davis* v. *Self,* 220 Ark. 129, 246 S. W. 2d 426.

*Assignment No. 1.* We find no error in the trial court's refusal to give Appellant's Instruction No. 4 wherein appellant sought to raise the issue of assumed risk on the part of appellee. Appellant's contention is based largely upon the decision of this court in the case of *Bugh* v. *Webb,* 231 Ark. 27, 328 S. W. 2d 379, but we do not think that case is applicable to the case under consideration. In the *Webb* case we said, in effect, that a person who chose to ride in a drag race did so at his own risk. That was because it is common knowledge that certain risks are involved in such an undertaking. It cannot be said that Collier realized that he was taking any known risk when he boarded appellant's bus. It might be said that he, in a manner, assumed some risk when he placed his elbow out of the window, but that feature of the case was amply covered by the instruction on contributory negligence.

*Assignment No. 2.* This assignment concerns certain testimony relative to marks on the bus which were supposed to have been caused when it scraped against the light pole. The bus was not examined until some days after the incident. On the whole we see no objection to the testimony because the record reveals that the scratches on the bus and on the light pole were of the same height from the ground, and also that the driver of the bus admits that he saw certain dents on the bus that same day. Any possible error we think was cured by the trial court when it stated: ''We will leave it (referring to such testimony) in and will let the jury evaluate the testimony as they have heard it.''

*Assignment No. 4.* Appellant objected generally to the court's giving Instruction No. 4-A and objected specifically because ''. . . it doesn't make sense and I don't know what it means.'' It would serve no useful purpose to set out in full the instruction which is some-

what lengthy and perhaps somewhat confusing. To support its contention appellant relies on the case of *Bates v. Ford,* 110 Ark. 567, 162 S. W. 1097. There the court considered a long and confusing instruction but did not find it to contain reversible error. We agree with former decisions of this court that long and involved instructions are not to be favored, and since the case is being remanded it is suggested that upon another hearing this instruction be rephrased and clarified.

*Assignment No. 5.* Here it is contended that there is no substantial evidence of negligence and proximate cause on the part of appellant upon which to base a finding and judgment in favor of appellee. On that basis appellant argues that instructions 1, 1-A, 2, and 2-A were erroneous in that they did not require appellee to show the bus driver had actual knowledge of appellee's arm extending out of the window at the time he started the bus in motion. In support of this argument appellant relies heavily on the case of *Fisher* v. *Louisville Transit Company,* 303 S. W. 2d 272 (Ky., 1957) which is copied in full in the brief. The facts, in almost every detail, in the cited case are surprisingly similar to the facts in the case under consideration, and the court there held that there was no liability on the bus company principally on the ground that ''there is no evidence that the driver of the bus knew the appellant's arm protruded beyond the body of the bus.'' However, we find in the cited opinion one sentence which we think makes the decision inapplicable to the case under consideration. That sentence is: ''We find no evidence suggesting that the movement of the bus as it pulled away from the curb was in any way unusual, nor that the bus had pulled in too close to the curb and pole in the first place.'' In contrast to that statement there is evidence in the case under consideration (when treated in the light most favorable to appellee) from which the jury could have made the following findings: First, that appellant's bus was driven straight forward instead of pulling to the left and thereby, perhaps, avoided injury to appellee's arm; secondly, that the bus pulled closer to the curb and the light pole than was necessary under the circumstances. One of the basic

questions, as heretofore mentioned, is whether appellant was guilty of negligence. The answer to that question depends upon all of the facts and circumstances shown by the testimony. Therefore, we are unwilling to say as a matter of law, that appellant could not, in any circumstances, be guilty of negligence without having first been informed of the position of appellee's arm.

*Assignment No. 6.* Instruction No. 5 deals with the extent of appellee's injury and his compensation for "doctor, hospital, and other medical expenses he has incurred to date, if any, and will incur in the future," etc. Appellant's objection to the above instruction was ". . . there is no evidence in the record to indicate (a) he will incur medical expenses in the future, and (b) there is no evidence to show loss of earnings as may be reasonably expected to arise as a result of his continued disability in the future." We do not agree with appellant in this contention. We have carefully searched the record and in it we find testimony (when viewed in the light most favorable to appellee) from which the jury could find that appellee will incur medical expenses in the future and that he will suffer a loss of earnings in the future. The medical testimony was to the effect that appellee was permanently injured and would continue to need medical treatment, and there was substantial evidence to show that his ability to work has been diminished.

For the error heretofore indicated we conclude that the judgment of the trial court must be reversed and the cause remanded for a new trial, and it is so ordered.

ROBINSON, J., concurs; GEORGE ROSE SMITH, J., not participating.

SAM ROBINSON, Associate Justice, concurring. I think the original opinion handed down in this case on June 5, 1961, was correct and that the substituted opinion is erroneous. By instruction No. 2-B, coupled with interrogatory No. 1, the court told the jury to find for the plaintiff if the defendant did or did not do certain things.

The error was in telling the jury in effect that certain acts, or the failure to do certain things, constituted negligence. Whether a person has acted in a negligent manner, that is to say, whether a person has done something that an ordinarily prudent person would not do under the circumstances or has failed to do something that an ordinarily prudent person would have done under the circumstances, is a question for the jury. The error was in taking the question away from the jury.

The majority is now saying that as a matter of law the bus company was not negligent in allowing windows to remain open when the bus was driven so close to a sign that a passenger's elbow was struck by the sign and seriously injured; that as a matter of law there was no negligence in failing to provide screens or bars on the windows, even though it is shown conclusively that the bus was driven very close to the sign; and that the bus company as a matter of law was not negligent in failing to provide arm rests, thereby giving rise to a condition whereby the passenger was likely to rest his arm on the window sill, which could result in the very injury that the plaintiff received. In the case at bar I think it was for the jury to say whether there was negligence in the doing or the failure to do the things mentioned. *Wade* v. *Brocato*, 192 Ark. 826, 95 S. W. 2d 94, cited by the majority, is not controlling. There the Court said it could be determined from the complaint that the injury to the passenger on the bus was due to the unlawful act of a third party in driving at a high rate of speed as alleged in the complaint. The Court did not say that never in any circumstances would a bus company be negligent in leaving windows open.

I think the correct rule of law was stated by the Court in the original opinion. In quoting from the case of *Aluminum Company of North America* v. *Ramsey*, 89 Ark. 522, 117 S. W. 568, the Court said: " ' "The existence of negligence should be passed upon by the jury as any other fact, and it is improper to instruct them that a certain fact or group of facts amounts to negligence *per se,* unless such acts are declared by law

to be negligence *per se,* or are such as to induce an inference of negligence in all reasonable minds." ' " First the case was reversed because the court told the jury that certain acts amounted to negligence. Now the case is being reversed because the court did not tell the jury that certain acts did not amount to negligence. I think the Court was right in the first instance. The question of negligence should be passed upon by the jury as any other fact. For the reason mentioned, I concur.