### 52140. ATLANTA TRANSIT SYSTEM, INC. v. HINES.

ARGUED MAY 5, 1976 — DECIDED MAY 21, 1976.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Paul Oliver,* for appellant.
*Mason & Hall, William V. Hall, Jr.,* for appellee.

DEEN, Presiding Judge.

1. Six enumerations of error go to the general grounds. The record shows that appellee, a minor, was riding on appellant's bus with his arm out the window. It is uncontested that the bus had made a regular start with no jerks, jolts or unusual movements and the bus itself made no contact with the pole.

Appellant carrier was bound to exercise extraordinary diligence for the appellee's safety. Code §§ 18-102, 18-204. Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons exercise under the same or similar circumstances; the carrier is liable for slight negligence. Code § 105-202. The question of slight negligence, being one of fact and not law, is, as a rule, to be determined by the jury. *Frye v. Pyron,* 51 Ga. App. 613 (2) (181 SE 142). While there are cases to the effect that under such facts as are here in evidence a carrier may not be found guilty of negligence (303 SW2d 272 (Ky App. 1957)), there are cases to the contrary. Citizens Coach Co. v. Collier, 233

Ark. 912 (6) (348 SW2d 873). The question of appellant's negligence, on the facts of this case, was for the jury.

2. Six enumerations cite error in the trial judge's refusal to give appellant's requested charges. We have thoroughly and carefully reviewed the charge as it was given and the requested charges and find no reversible error in the court's refusal to include the latter in the former. The instructions considered in their entirety were full and fair and what they lacked when divided is supplied when the parts are all united. *Brown v. Matthews,* 79 Ga. 1 (4 SE 13); *State Hwy. Dept. v. Davis,* 129 Ga. App. 142 (199 SE2d 275).

3. The final enumeration of error challenges the sufficiency of the evidence to support the given charge on lost past earnings. Without detailed discussion of what the evidence was, suffice it to say that while the proven facts were scant, we believe them sufficient to show with *reasonable* certainty the sum of money lost. *Southern Grocery Stores v. Hollis,* 48 Ga. App. 706 (1) (173 SE 182). There was no error.

*Judgment affirmed. Quillian and Webb, JJ., concur.*