## 56504. BRADHAM v. THE STATE.

BIRDSONG, Judge.

Voluntary manslaughter. The appellant, Patricia Bradham, was convicted of killing her divorced husband by shooting him fatally three times with a .38 caliber pistol. She raises sixteen enumerations of error. *Held:*

1. In her first enumeration, appellant raises the sufficiency of the evidence to support the conviction. Ms. Bradham does not dispute that she shot her husband but urges that she acted in defense of herself and her children and alternatively, in defense of her domicile. The evidence was in dispute as to whether Ms. Bradham acted in anger and intentionally out of that anger as well as frustration or in defense of person or habitation. We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter (*Crews v. State,* 133 Ga. App. 764 (213 SE2d 34); *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468)), and after the verdict is approved by the trial court, the evidence must be construed so as to uphold the verdict even where there are discrepancies. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293). The evidence in this case is amply sufficient to support the verdict of guilty of voluntary manslaughter. This enumeration is without merit.

2. Ms. Bradham complains in her second enumeration of error that the trial court gave a confusing charge on the defense of justification by combining the charge on defense of person and defense of habitation, during the course of which the court omitted critical elements of those defenses. The record does not support this contention. The trial court gave full instructions, in separate segments, on the affirmative defense of self-defense and defense of habitation. These instructions were received without complaint and are basically in the language of the applicable statutes. After giving these complete and legally appropriate charges, the trial court

summarized, giving the substance of the previous charges on justification. It is this summary that is the subject of the enumeration of error.

When a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as possible, a reviewing court will not disturb a verdict amply authorized by the evidence. *Todd v. Fellows,* 107 Ga. App. 783 (131 SE2d 577). There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131 SE2d 818). While the specific portion of the charge of which complaint is made when torn asunder and considered as a disjointed fragment may be objectionable, when put together and considered as a whole, the charge is perfectly sound. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217); *Jones v. Tyre,* 137 Ga. App. 572, 574 (224 SE2d 512); Hobart Bros. v. Malcolm T. Gilliland, Inc., 471 F2d 894. See *Womack v. St. Joseph's Hospital,* 131 Ga. App. 63 (205 SE2d 72); *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). Appellant at the conclusion of the charge refused to specify any part of the charge that was deemed to be inaccurate or inappropriate. Instead the appellant generally objected to each and every part of the charge. This does not inform the court as to that part of the charge that counsel deems incorrect thus does not give the trial court an opportunity to clarify or correct portions of the charge that may be objectionable. See *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 179 (4) (186 SE2d 566). While present law exempts the defendant in a criminal trial from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions (Ga. L. 1968, pp. 1072, 1078 (Code Ann. § 70-207)), this does not relieve him from the necessity of requesting clarifying instructions or making clear his objection so that the trial court can exercise the opportunity to correct possible errors at the most opportune point in the proceedings and thus still subject to review by an appellate court. See *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397); *Sanders v. State,* 138 Ga. App. 774 (227 SE2d 504). This enumeration likewise

lacks merit.

3. In her third enumeration of error, Ms. Bradham asserts the trial court erroneously denied a challenge for cause against a juror, requiring her to utilize one of her peremptory challenges needlessly. The juror in question answered a question to the effect that because he had three sons who were law enforcement officers in another county, he would be inclined to give more credence to a police officer's testimony, than to a non-police witness. No further question was asked of this juror by the defendant though there is no indication of record that she was precluded from doing so. The juror had previously been asked if he were perfectly impartial as between the state and the defendant and had answered that question in the affirmative. The defense did not explore whether the witness could not set aside any potential bias following an oath to act impartially and the charge of the court. On its face then, the record indicates the witness was statutorily qualified, but subject to possible challenge. *Sullens v. State,* 239 Ga. 766, 767 (238 SE2d 864). But see *Davis v. State,* 241 Ga. 376, 382 (4)). Defendant utilized all twenty of her peremptory challenges and the last two jurors were selected without benefit of further peremptory challenges. Nevertheless, defendant did not show that the last two jurors were in any way disqualified. So far as the record shows, the defendant was adjudged by a jury of twelve well-qualified jurors. Thus, even assuming arguendo, that it was error to refuse to excuse the juror for possible bias the questionable juror did not serve and appellant has not shown that such possible error was not harmless. See *Hinson v. Dept. of Transp.,* 135 Ga. App. 258 (217 SE2d 606). The purpose of voir dire is to guarantee a defendant a fair trial by twelve impartial jurors. The record reflects that that is exactly what the defendant received. She was entitled to no more. *Hill v. Hospital Authority,* 137 Ga. App. 633, 636 (224 SE2d 739).

4. The fourth through sixth enumerations of error complains of the refusal to grant motions for mistrial. It is alleged that the court erroneously allowed five rebuttal witnesses to testify for the state who were not listed on the list of witnesses demanded by the defendant and furnished by the state. Four of these witnesses were called

only after the appellant had testified as to the violent character possessed by the deceased and were called for a limited purpose as rebuttal witnesses to show that the deceased possessed a peaceable and law-abiding character. While the fifth witness had been available from the first day of the multiple day trial, he too was called only in rebuttal as a character witness. Appellant argues that she was not allowed to interview the witnesses prior to their testimony. However, the record shows that appellant did not simply request the opportunity to interview the witnesses, but in fact requested a continuance so that the defense could investigate the background of each witness as well as interview them.

It is the law of this state that the calling of rebuttal witnesses whose names do not appear on the witness list does not constitute error. *Mize v. State,* 240 Ga. 197, 199 (240 SE2d 11); *Hearn v. State,* 145 Ga. App. 469, 470 (243 SE2d 728). We will not speculate what the court's ruling would have been had appellant requested merely the right to interview the witnesses, but find it sufficient to conclude that it was not an erroneous exercise of discretion to deny an indeterminate continuance where the matter involved witnesses in rebuttal only. *Pulliam v. State,* 236 Ga. 460, 462 (224 SE2d 8).

5. Appellant complains in her seventh enumeration that it was error to allow the state to waive its opening argument. The appellant urges that by waiving opening argument, the defendant is denied the right to rebut the arguments advanced by the state while the state has the unfair advantage of rebutting the arguments advanced by the defendant. She would seek to limit argument by the state in such circumstances to matters in rebuttal only and not a full and ranging argument on all issues by the state.

We note initially that, in most jurisdictions, it is common practice for the state to waive opening argument. Nevertheless, there is a paucity of guidance in this state as to the effect of such a waiver. In the case of Hale v. United States, 410 F2d 147 (cert. den. 396 U. S. 902 (90 SC 216, 24 LE2d 179)), a case emanating from the Northern District of Georgia, it was held that the order and extent of

argument is entirely within the discretion of the trial court. Further, it was held that the government did not waive its right to discuss the case generally by waiving its right to open closing argument to the jury. Even if we elected not to follow such precedent, the record in this case shows that the defendant's counsel argued the case in all its factual and legal facets. Thereafter, when the prosecutor argued in closing, there is no showing of record in what particulars the state may have argued new facts or law or other matter not in rebuttal of the defendant's argument. In the absence of specific objection, nothing was preserved for review. *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58); *Hughley v. State,* 144 Ga. App. 771 (1) (242 SE2d 367). Under these circumstances, it was not an abuse of discretion to allow the state to waive its opening argument, nor has any possible error been shown to have emanated from the argument actually presented by the state. Even assuming error, which we will not do, harm as well as error must be shown. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53). There is no merit in this enumeration.

6. In her eighth enumeration of error, Ms. Bradham argues that the court's preliminary instructions to the newly selected jurors, wherein the court informed the jury that a defendant enters upon trial with a presumption of innocence which remains until overcome by competent evidence, effectively instructed the jurors to disregard the evidence offered by the defense if, in the course of the trial, the state's evidence overcame the presumption of innocence. While ingenious, this argument is without merit. The principle of law as given is eminently correct. The subsequent instructions to the jurors on the presumption of innocence and burden of proof, together with instructions on reasonable doubt, could leave no confusion in a juror's mind that all the evidence must be considered in determining the defendant's guilt or innocence.

7. Similarly, Enumeration of error No. 9 complains that the trial court removed from the jury's consideration all documentary evidence offered by the parties and particularly that offered by the defense when it instructed the jurors that they would get "the facts from the witnesses who testify." This portion of the charge related

to the function of the judge and that of jury in establishing the law of the case and ascertaining the facts. Taken out of context, this portion of the charge conceivably could be misleading. However, the trial court expressly instructed the jury that the evidence consisted of all the testimony received from the witnesses and the exhibits admitted during the trial by the court. The charge of the court when considered in its entirety was full and fair and correctly presented to the jury the applicable principles of law, and that which it may have lacked when divided was supplied when the entire charge was united. See *Atlanta Transit System v. Hines,* 138 Ga. App. 746, 747 (227 SE2d 489). This enumeration is without merit.

8. Enumeration of error 10 urges that the trial court unlawfully expressed an opinion when in qualifying the prospective jurors, the court referred to the deceased as a "victim." Appellant argues that the shooting of the deceased was in self-defense, hence not unlawful, and that only an unlawful act can produce a "victim" within a criminal law context. With this argument we are unable to agree. Webster's defines "victim" as "one that is injured, destroyed, or sacrificed under any of various conditions." No criminal connotation appears under any definition in Webster's and we decline to impute such a meaning to the use of the term "victim." In its worst light, the use of the term "victim" constituted no more than a "lapsus linguae." The language was called to the attention of the court which promptly gave adequate curative instructions to the jurors. Appellant chose not to pursue the possibility of jury contamination and did not voir dire on the point. Appellant moved for a mistrial and challenged the array based upon alleged disqualification.

The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial. *Gassaway v. State,* 137 Ga. App. 653, 657 (224 SE2d 772); *Jones v. State,* 128 Ga. App. 885, 886 (198 SE2d 336). Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is

largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. *Osteen v. State,* 83 Ga. App. 378, 381 (63 SE2d 692). See *Burce v. State,* 146 Ga. App. 383, 384 (246 SE2d 412); *Clyatt v. State,* 126 Ga. App. 779, 786 (192 SE2d 417). We find no harmful error present in this use of the term "victim" by the court, particularly where prompt and effective corrective action was taken by the trial court. Thus, we find no merit in Enumerations of error 10, 15, or 16.

9. In Enumerations 11 through 14, appellant complains of the refusal by the trial court to give certain requested instructions. The substance of each of these requested instructions was given by the trial court in legally correct and appropriate language in its charge to the jury though not in the language requested. Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error. *Sullens v. State,* 239 Ga. 766, 767, supra, (4); *Leutner v. State,* 235 Ga. 77 (5) (218 SE2d 820).

*Judgment affirmed. Bell, C. J. and Shulman, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 25, 1978 — REHEARING DENIED NOVEMBER 14, 1978 — 

*Larsen & Lewis, W. W. Larsen, Jr., H. G. Bozeman, Robert H. Cofer,* for appellant.

*Beverly B. Hayes, District Attorney, James Stanley Smith, Jr., Assistant District Attorney,* for appellee.